**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**FIRST JERSEY SECURITIES, INC. and Robert E. Brennan, Defendants.**

No. 85 Civ. 8585(RO).

United States District Court, S.D. New York.

April 28, 1994.

Christian J. Mixter, Mark Kreitman and Mark Radke, S.E.C., Washington, DC, for plaintiff S.E.C.

W. Hunt Dumont, John B. Livelli, Robinson, St. John & Wayne, Newark, NJ, for defendant First Jersey Securities, Inc.

David M. Schraver, Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendant Robert Brennan.

## MEMORANDUM

OWEN, District Judge.

Defendant Brennan moves for partial judgment contending that the SEC may not rely on § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), in bringing an enforcement action to enjoin a practice which it considers violative of the Act.

Section 20(a) provides as follows: "Every person who, directly or indirectly, controls any person liable under any provision of this title or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person *to any person* to whom such controlled person is *liable,* unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the *violation* or cause of action." [Emphasis added.]

Brennan's argument that the SEC may not bring enforcement actions under § 20(a) is primarily linguistic. Section 20(a) states that controlling persons shall be "liable to any person ..." The word "liable" suggests that only private suits were intended under this section. But Brennan overlooks the fact that, in contrast to § 15, which specifically limits liability to private causes of action, § 20(a) refers to the controlling person's responsibility not just for "the act or acts constituting ... the cause of action", which, while it could be read to refer only to a private suit, also states that person's responsibility for "the act or acts constituting *the violation.*" [Emphasis added.] If § 20(a) applied only to responsibility for private claims, then the phrase "cause of action" would be sufficient; the statutory reference to "the violation" would. arguably be surplusage.

The authorities dealing with this question are few and contradictory. For instance, the court in *SEC v. Coffey,* 493 F.2d 1304 (6th Cir.1974), *cert. denied,* 420 U.S. 908, 95 S.Ct. 826, 42 L.Ed.2d 837 (1975) held that § 20(a) may not be utilized by the SEC in an enforcement action, since the SEC is not a person under § 20(a), that section being intended to specify the liability of controlling persons to private persons suing to vindicate private interests. But no other case follows this, and in *SEC v. Lum's* 365 F.Supp. 1046 (S.D.N.Y.1973), although the Court held that a brokerage firm against which the SEC sought an injunction was not in violation of § 20(a), because the firm had acted in good faith, the Court did not question the SEC's right to seek an injunction under § 20(a).

Moreover, one year after *Coffey, supra,* and seven years before the violations at issue in this case, the Securities Acts Amendments of 1975 changed § 3(a)(9) of the Act to provide that "[t]he term 'person' means a natural person, company, government, or *politi-*

490

*cal subdivision, agency, or instrumentality of a government.*" [Emphasis added.] 15 U.S.C. § 78c(a)(9). Brennan contends that the purpose of the amendment, however, was to extend the antifraud provisions of the securities laws to municipal securities issuers, and that the legislative history does not suggest any congressional intent to expand the SEC's enforcement powers to allow it to bring actions under § 20(a). But the fact that the amendment had a certain effect on municipal issuers does not mean that this had to be its sole purpose. The amendment amounted to a general overhaul of § 3(a)(9) and did not simply add a reference to municipal entities.

Summed up, this motion does present a close question. Section 20(a) contemplates liability to a "person," which, according to the current definition, includes the SEC. Moreover, § 20(a) refers to "violations." This statutory language characterizes conduct from the point of view of an enforcement agency such as the SEC, and not simply from that of a private litigant merely seeking compensatory damages. Finally, § 20(a) should be construed flexibly to effectuate its remedial purpose. Defendant Brennan's motion is accordingly denied.

So ordered.